## Bogart v. Erie Insurance Exchange

*Philip V. Mattes,* for plaintiff.
*Michael P. Shay,* for defendant.

WILLIAMS, *S.J.,* June 13, 1985 — This matter is before us on preliminary objections to plaintiff's complaint.

The complaint avers:

1. That on March 23, 1982, defendant issued an insurance policy in accordance with the provisions of the No-fault Insurance Act. 40 P.S. §9009 et seq.

2. That plaintiff was injured in a motor vehicle accident on August 26, 1982, at a time said insurance policy was in force and effect.

3. That at the time of the accident, plaintiff was engaged in the business of her employer and is covered by the Workmen's Compensation Act.

4. That as a result of injuries sustained in the accident, plaintiff has suffered work loss and a diminution of earning power.

5. That plaintiff will be required to expend various sums for future medical expenses.

6. The complaint further alleges that plaintiff has suffered a loss of replacement services. That plaintiff has not recovered from her injuries and still suffers a work loss.

7. That defendant verbally denied the claim for work loss, denying that plaintiff was suffering a work loss since plaintiff's salary was being paid two-thirds by the workmen's compensation carrier and one-third pursuant to a state employment agreement.

8. That on September 20, 1983, plaintiff notified defendant that plaintiff was sustaining a work loss and demanded payment under the policy.

9. In response to plaintiff's demand, defendant has paid work-loss benefits from September 20, 1982, through March 16, 1984, but has refused to pay interest, attorney fees and litigation costs.

## PRELIMINARY OBJECTIONS

While defendant has filed four preliminary objections to plaintiff's complaint, they raise the single issue as to whether plaintiff is required to itemize the various items of damage claimed, such as work loss, attorney fees, allowable expenses, replacement services and interest.

## DISCUSSION

Plaintiff asserts that she is not required to itemized the damages she seeks, asserting it is sufficient to plead the damage generally. It appears from the complaint and plaintiff's oral argument that there is no work loss presently due because plaintiff is being paid wages in full, partly by her workers' compensation carrier and partly under the terms of a state employment contract. That the suit for work loss was brought to protect plaintiff in a possible future loss. Counsel, at oral argument, stated plaintiff seeks the payment of attorney fees, interest, allowable expenses and replacement services presently due. Defense counsel asserts that defendant is unable to determine the merit of the demand without the complaint itemizing the sums alleged to be presently due or to file a responsive answer. We agree.

We have considered the precise issue before us in a comprehensive opinion in Warren v. Sheinbaum, 59 D. & C.2d 490 (1972) where the court said:

"We see no hardship to a plaintiff to require him to plead specifically the information sought by the preliminary objection to the extent that is reason-

ably practicable. Such information is largely known to plaintiff when the pleadings are drawn and to aver this information in the complaint is a relatively simple matter. It can be both costly and time-consuming to require a defendant to obtain this information by depositions or the employment of interrogatories. It will make for a more expeditious and prompt trial of lawsuits if the issues are clearly formed by the pleadings. Discovery depositions and answers to interrogatories, while useful for cross-examination and obtaining information, are not part of the pleadings and form no issues."

### ORDER

And now, June 13, 1985, the preliminary objections are sustained and plaintiff is given 20 days in which to file an amended complaint itemizing the damages claimed so far as ascertainable by plaintiff.